UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARVIN HENRY KING | CIVIL ACTION NO. 23-cv-742 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GENERAL DYNAMIC INFORMATION TECHNOLOGY | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Marvin Henry King ("Plaintiff"), who is self-represented, filed this Title VII action against General Dynamic Information Technology, Inc. ("Defendant"). He alleged that his employment was terminated after a personal disagreement with a supervisor and his alleged failure to complete a performance improvement plan. Plaintiff filed a charge of discrimination with the EEOC in which he alleged that his termination was based on his race and disability.

Defendant filed a motion to compel after Plaintiff did not provide timely responses to written discovery requests. The court entered an order that granted the motion, ordered Plaintiff to respond to the discovery request within seven days, and warned that failure to do so may result in the case being dismissed. Before the court is a Motion for Sanctions (Doc. 26) in which Defendant asks that this case be dismissed with prejudice because Plaintiff did not comply with the order. For the reasons that follow, it is recommended that this civil action be dismissed with prejudice.

**Analysis**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that the court may issue sanctions, including dismissal of an action, if a party fails to obey an order to provide or permit discovery. It is "firmly established" that a district court is authorized under the rule to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order. Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514 (5th Cir. 1985). A dismissal with prejudice for violation of a discovery order is permitted if: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

In addition to the motion now at issue, Defendant filed a Motion to Fix Attorney's Fees (Doc. 24) that is being handled by a separate order. That motion asks for an award of fees in connection with the filing of the prior motion to compel. Plaintiff filed a response (Doc. 27) in which he stated that he had told defense counsel that he "was not pursuing the case any longer" because he was more concerned with his health. The filing stated: "I respectfully move to close these proceedings with no further actions." Plaintiff did ask, in response to that motion and the one now at issue, that the court not impose an award of fees upon him based on his disability and financial hardship.

Plaintiff is self-represented, so his violation of the discovery order is attributable to him and not an attorney. His failure to provide basic discovery information prejudices

Defendant in its efforts to prepare a defense, and there is no reason to believe that a less drastic sanction, especially with a plaintiff who is proceeding in forma pauperis, would result in compliance or achieve the desired deterrent effect. It also appears that Plaintiff's noncompliance with the order was willful and not due to any other reason. Considering all of these factors, together with Plaintiff's stated request that these proceedings be closed, dismissal with prejudice for violation of the discovery order is warranted. In light of Plaintiff's pauper status and his voluntary cessation of the litigation, the court finds that the best exercise of its discretion is to not award any attorney's fees in connection with the filing of the motion for sanctions that is at issue.

Accordingly,

It is recommended that Defendant's Motion for Sanctions (Doc. 26) be granted and that Plaintiff's complaint be dismissed with prejudice for failure to comply with a discovery order.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of November, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge